HAYDN-MYER LAW OFFICE
CHRISTOPHER HAYDN-MYER, CA BAR NO. 176333
1478 Stone Point Drive, Suite 400
Roseville, California 95661
Telephone: (916) 622-1703
Facsimile: (916) 760-2767
Email: chrishaydn@sbcglobal.net

Attorney for Defendant
LEONID YAKOVLEV

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     vs.<br><br>LEONID YAKOVLEV,<br><br>           Defendant. | Cr. No. 12-052 WBS<br><br>STIPULATION AND [~~PROPOSED~~] ORDER CONTINUING STATUS CONFERENCE; FINDING OF EXCLUDABLE TIME<br><br>Date:  March 31, 2014<br>Time:  9:30 a.m.<br>Court: Hon. William B. Shubb |

**STIPULATION**

Plaintiff, United States of America, through Assistant U.S. Attorney Jean Hobler and defendant, Leonid Yakovlev, through his attorney, Christopher Haydn-Myer, hereby stipulate and agree as follows:

1. A status conference is currently set for March 31, 2014 at 9:30 a.m.

2. By this stipulation, the above-named defendant now moves to continue the status Conference to May 27, 2014 at 9:30 a.m., and to exclude time between March 31, 2014 to May

- 1 -

27, 2014 under Local Code T4.  Plaintiff does not oppose this request.

3. The basis upon which the parties agree to this proposed continuance of the status conference is as follows:

a. The government has produced discovery which to date includes over 5000 pages containing investigative materials.  There is also electronic discovery relating to approximately 40,000 transactions that form the basis of the charges.  Counsel is Mr. Yakovlev's second attorney, making my first appearance before the Court on August 19, 2013.

b. Counsel for the defendant believes that failure to grant the above-requested continuance would deny his client the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. Plaintiff does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by continuing the status conference as requested outweigh the best interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 16 U.S.C. § 3161, et seq., within which trial must commence, the time period from March 31, 2014 to May 27,

2014 inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(a), B (iv) [Local Code T4] because it results from a continuance by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5. Finally, Christopher Haydn-Myer has been authorized by counsel to sign this stipulation on her behalf.

**IT IS SO STIPULATED.**

DATED: March 27, 2014            BENJAMIN B. WAGNER
                                 Unites States Attorney

                                 /s/ Jean Hobler
                                 JEAN HOBLER
                                 Assistant United States Attorney
                                 for Plaintiff United States


DATED: March 27, 2014            HAYDN-MYER LAW OFFICE

                                 /s/ Christopher Haydn-Myer
                                 CHRISTOPHER HAYDN-MYER
                                 Attorney for Leo Yakovlev

///
///
///

**ORDER**

    IT IS SO FOUND AND ORDERED.

Dated:  March 28, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE